No. 11,034.

JACOBS *v.* MONAHAN, ET AL.

Decided October 6, 1924.

Action for money loaned. Judgment for plaintiff against one defendant only.

*Reversed.*

*On Application for Supersedeas.*

1.  PARTNERSHIPS—*Indebtedness—Liability.* A partnership is liable for money borrowed by one of its members for its use within the general scope of its authority.

2.  ACTIONS—*Promissory Note—Partnership.* Where plaintiff loaned money to a partnership receiving as evidence of the indebtedness a promissory note signed by an individual member of the firm, he could bring action on the note against the firm or waive that right and proceed on the original indebtedness.

*Error to the County Court of Pueblo County, Hon. Frank G. Mirick, Judge.*

Mr. JOHN A. MARTIN, for plaintiff in error.

No appearance for defendants in error.

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is an action originally instituted in a justice court by A. E. Jacobs against George H. Monahan, M. Haley and E. Mindeman, as copartners under the firm name and style of the Colorado Wrecking & Coal Company, and George H. Monahan, to recover the sum of $250, which amount is alleged to have been loaned to the partnership by plaintiff.

On appeal, and trial to the court in the county court of Pueblo county, the plaintiff recovered a judgment for $250 against the defendant Monahan individually, but nothing against him and other defendants, or any of them, as copartners. The court granted a nonsuit as to the defendant Mindeman. To review the judgment, and seeking a reversal of only that part thereof which denies any relief against the defendants Monahan and Haley as copartners, the plaintiff has sued out this writ of error and has applied for a supersedeas.

The plaintiff delivered a check in the sum of $250 to the defendant Monahan, a member of the partnership above named and the general manager thereof, after and because of Monahan's representations to plaintiff that he wanted funds with which to pay the partnership debts. The plaintiff, before the delivery of the check, agreed and offered to make a loan to the partnership, saying to Monahan: "I will lend your company $250, providing you give me a note that will hold you and the company responsible for this amount of money."

Thereafter Monahan obtained the check from plaintiff's clerk, in the absence of plaintiff, and left with the clerk a promissory note in the sum of $250 signed only by himself individually. The money was used to pay partnership debts.

The evidence in the record is not such as to produce any different result than if the foregoing facts were all the

material facts in the case. Under the evidence the case is controlled by the rule, stated in 30 Cyc. 503, that a partnership is liable for money borrowed by one of its members, within the general scope of its authority, and according to the usual course of its business.

The action was brought after the maturity of the note. The plaintiff could have proceeded on the note against the partnership, notwithstanding the note was signed by the individual name of one of the partners, because the note was accepted by plaintiff for the firm's indebtedness. 30 Cyc. 510. But plaintiff could, as he did, after the maturity of the note, sue upon the original consideration. 8 C. J. 807.

It was error not to find the issues against the partnership. The application for a supersedeas is denied and the judgment reversed with directions to enter judgment against the partnership, the Colorado Wrecking & Coal Company, and George H. Monahan and M. Haley, the members of such partnership, as copartners.

MR. JUSTICE CAMPBELL and MR. JUSTICE SHEAFOR concur.