**CITY OF HARRISBURG v. AUSTIN, State Commissioner of Banking, et al. ***
(No. 8796.)

(Court of Civil Appeals of Texas. Galveston. Nov. 19, 1925. Rehearing Denied Jan. 7, 1926.)

1. **Banks and banking** ⊛80(2) — **Claim for bonds held by insolvent bank is within "any claim" of statute and must be presented to banking commissioner.**

Claim of city for bonds held by insolvent bank *held* to be within Vernon's Sayles' Ann. Civ. St. 1914, art. 464, requiring presentation of "any claim" to commissioner of banking for approval or rejection before suit can be maintained thereon.

2. **Banks and banking** ⊛80(2)—**Claimant of personal property held by insolvent bank cannot sue therefor on assumption that banking commissioner would have rejected its claim.**

Right given to the banking commissioner, under Vernon's Sayles' Ann. Civ. St. 1914, art. 464, to pass on validity of claims against insolvent banks, necessarily carries with it power to decide questions of law and fact, and, when claim is presented to him, it must be assumed that he will decide question of its validity in accordance with the law and facts before him, and hence claimant of personal property held by insolvent bank cannot assume that he would have rejected its claim and bring suit thereon before presenting it to him.

Appeal from District Court, Harris County; W. E. Monteith, Judge.

Suit by City of Harrisburg against Charles O. Austin, State Commissioner of Banking, and another. From an order sustaining the named defendant's plea in abatement and dismissing suit, plaintiff appeals. Affirmed.

J. S. Bracewell and H. H. Cooper, both of Houston, for appellant.

Guynes & Sanders, of Houston, for appellee.

PLEASANTS, C. J. The city of Harrisburg, a municipal corporation of Harris county organized under title 22 of the Revised Statutes of this state, brought this suit against Charles O. Austin, state banking commissioner, and the American State Bank of Harrisburg, Tex., a banking corporation organized and chartered under the laws of this state, to recover title and possession of bonds of the city of Harrisburg of the face value of $25,000, which it is alleged are wrongfully withheld from the possession of plaintiff by the defendants.

Plaintiff's petition, which was filed on February 24, 1925, alleges, in substance:

"That the appellee American State Bank "is and has been at all times since the 1st day of July, 1924, carrying on and conducting a banking business at Harrisburg, Tex.; that the appellee Charles O. Austin is the commissioner of insurance and banking for the state of Texas, and, acting under and by virtue of his authority as such, on or about the 21st day of February, A. D. 1925, by virtue of the power vested in him as such banking commissioner, took possession of the appellee American State Bank, for the avowed purpose of liquidating the same under the provisions of the banking laws of the state of Texas, and has not yet, within the knowledge of this plaintiff, named and appointed a liquidating agent for said bank; that heretofore, to wit, on or about the ———— day of September, A. D. 1924, appellant had $75,000 in municipal bonds for sale, including an issue of $45,000 of gas bonds, $20,000 of street improvement bonds, and $10,000 of sewerage bonds, and that appellant advertised said bonds for sale and received bids for the sale of said bonds, and that the appellee American State Bank placed a bid therefor, to wit, the sum of $77,500 and accrued interest, and that such bid was the highest bid received for the same; that, at the time said bids were received by said plaintiff for the sale of said bonds, the officers and representatives of said appellee bank represented and declared to appellant that said bank was solvent, was amply able to purchase, pay for and retain said bonds, and that said bank was solvent and had a large surplus in excess of any and all liability, and plaintiff (appellant), relying upon said representations and statements of the president of said appellee bank, and believing the same to be true, accepted such bid, and agreed to deliver to said defendant the bonds aforesaid, and thereafter, in accordance with said bid and the acceptance thereof, plaintiff did deliver to said defendant bank said bonds and received from said bank a deposit slip or statement showing a deposit to the credit of this appellant in the amount of said bid, but received no part of said money at said time."

It is further alleged:

That the defendant American State Bank was in truth and in fact insolvent at the time it represented itself to be solvent and thereby obtained possession of the bonds; that defendant Charles O. Austin "is now in possession of said bank and all of its assets, including the bonds belonging to this plaintiff as hereinbefore alleged, and that plaintiff was not informed as to the insolvency and condition of said bank until after the said defendant Charles O. Austin took possession thereof; that the said Charles O. Austin and such liquidating agent as he may appoint will list bonds now in possession of said bank as a part of the assets of said bank, and will undertake to sell and dispose of the same as a part of the assets of said bank, and, if sold

---

⊛For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error refused February 24, 1926.

by said banking commissioner to an innocent purchaser, will deprive this plaintiff of its property, unless said Charles O. Austin be restrained by writ of injunction, and that plaintiff herein has no adequate or legal remedy at law, unless said injunction be granted, restraining the said listing of said bonds as a part of the assets of said bank and the sale or disposition thereof; that this plaintiff has no security from said insolvent defendant bank for the enforcement of said liability or the terms of said original contract for the sale of said bonds and is wholly without remedy, unless your honor will grant his most gracious writ of injunction, restraining said Charles O. Austin and said bank from disposing of said bonds."

The prayer of the petition is as follows:

"Wherefore plaintiff prays that the court issue a temporary restraining order herein and a temporary injunction herein, restraining and enjoining said defendants and each of them from listing said Harrisburg municipal bonds, or any of them, as a part of the assets of said American State Bank, and enjoining them from in any manner disposing of or incumbering said bonds as may now be held by him or said bank, or in any manner belonging or in possession of said bank, restraining him, or any liquidating agent he may appoint, from in any manner listing same as the assets of said bank, and that on final hearing hereof said injunction be made perpetual, and plaintiff's title to said bonds be established, and the possession thereof delivered to plaintiff, and that it have judgment for its costs of suit, and for all such other and further relief as it may show itself entitled to."

This petition which was properly verified was presented to the judge for the Eleventh judicial district on February 24, 1925, who, after considering the petition, indorsed thereon his fiat, ordering the issuance of a temporary injunction as prayed for by plaintiff.

On March 9, 1925, the defendants filed a plea in abatement, on the ground that plaintiff had failed to present any claim to the defendant commissioner and had given said defendant no opportunity to pass upon plaintiff's claim to the bonds, which are in the possession of defendant as apparent assets of the defendant bank, and that said defendant will not be able, until after investigation, to allow or reject plaintiff's claim; that plaintiff has an adequate and complete remedy at law under the Bank Depositors' Guaranty Fund Act of Texas, and it is its duty to first obtain the rejection of his claim by said defendant Austin before he can resort to any court.

On April 2, 1925, the defendants filed a motion to dissolve the temporary injunction upon the following grounds:

"Comes now the defendants in the above entitled and numbered cause, and, without waiving their plea in abatement heretofore filed herein, but still insisting on same, and with leave of the court obtained therefor, defendants file this their first amended original answer and motion to dissolve the temporary injunction heretofore entered herein:

"I. And excepts and demurs to plaintiff's petition on file herein, and says that the same does not set out a cause of action against these defendants, or either of them, and that they are not required to make answer, and of this they pray judgment of the court.

"II. That defendants further and specially except to the relator's original bill and petition, and say the allegations therein contained are insufficient in law to require defendants, or either of them, to answer in that:

"(1) Said bill and petition shows on its face that at the time plaintiff brought this suit the said American State Bank of Harrisburg, Tex., was closed by order of and taken over by, and in the hands of Charles O. Austin, banking commissioner of the state of Texas, for the purpose of liquidating its assets, affairs, and business under the banking laws of the state of Texas.

"(2) That said insolvent bank had been closed and taken over by said Austin for said liquidation only the day before plaintiff filed its suit and before relator had, and without it presenting to said commissioner its claim against said closed bank, together with proof of its claim against said bank.

"(3) That relator's said claim, if any it has, necessarily involves the determination of an issue of fact, as well as of law, which has to be primarily passed upon by said defendant Charles O. Austin, commissioner of banking, which calls for the exercise of his judgment and discretion as the head of one of the executive departments of the state of Texas, and either allowed or rejected by said commissioner of banking, nor has he, or any of his agents or representatives, said or done anything to indicate that plaintiff's claim had been or would be rejected by them in liquidating the business of said insolvent bank, under the provisions of the law of the state of Texas relative to that subject. That the liquidation of the assets and business of the said insolvent bank has not proceeded far enough to enable said commissioner of banking to determine what ought to be done with plaintiff's claim, and he will not be able to determine this question before and until he is presented with plaintiff's claim, and with such proof as plaintiff may have in connection therewith, and after he shall have made a thorough investigation of all the facts and circumstances incidental to said claim."

Subject to the plea in abatement and these demurrers, defendants pleaded general denials and special defenses, which it is unnecessary to here set out.

Upon a hearing of the motion to dissolve the temporary injunction on April 2, 1925, the court sustained defendants' plea in abatement and dismissed plaintiff's suit. From the order sustaining the plea and dismissing the suit, the plaintiff prosecutes this appeal.

[1] The one question presented by the record for our determination is whether appellant's claim to the bonds in controversy is a claim within the purview of article 464, Vernon's Sayles' Civ. Statutes, which provides, in effect, that claims against an insolvent bank, which has been taken charge of by the state banking commissioner for the

purpose of winding up its affairs, must be presented to the commissioner for approval or rejection before a suit can be maintained thereon.

The question is not free from doubt, but we think the act of the Legislature, of which the article cited is a part, clearly evidences a purpose on the part of the lawmakers in its passage to provide a complete expeditious and economical method of assembling, auditing, and administering the assets and all the business affairs of insolvent banks, and the use of the words "any claim" in the article cited should, in view of the general dominant purpose of the act, be understood as including not only claims for money due by the bank, but also claims for personal property held by the bank under apparent title and claim of ownership. The statute, placing the commissioner in full control of all of the property and business affairs of an insolvent bank, and directing that he shall collect the assets and money due the bank, further directs him to "do such other acts as are necessary to conserve its assets and business."

In carrying out these directions, he is expressly authorized to pass upon the validity of any claim against the bank, and the statute contemplates that, before any suit shall be filed against him upon a claim against the bank, he must be given the opportunity to investigate and decide whether or not the claim is one that should be allowed. Any construction of the statute which would deny the commissioner the right to pass upon the validity of claims against the bank before subjecting its assets to the cost of litigation and delaying the winding up of its affairs by litigation would be so out of harmony with the dominant general purpose of the act to provide an expeditious and economical method of winding up the business affairs of the insolvent bank as to be manifestly unsound.

We think the principle of the rule that requires claims to be presented to the Commissioners' Court before suit can be maintained thereon against a county, and of the well-settled rule in suits involving controversies in public school matters or claims against school trustees or boards, which requires that the special tribunal provided by the statute for hearing and passing upon such controversies or claims shall be appealed to and the remedy thus given by statute exhausted before resort can be had to the courts, is applicable in this case. Potter County v. Boesen (Tex. Civ. App.) 191 S. W. 787; Harkness v. Hutcherson, 90 Tex. 383, 38 S. W. 1120.

[2] Appellant cannot assume that the commissioner would have rejected its claim. The right given the commissioner to pass upon the validity of claims against the bank necessarily carries with it the power to decide questions of both law and fact, and, when a claim is presented to him, it must be assumed that he will decide the question of its validity in accordance with the law and the facts before him. However his decision may be, either the claimant or others interested in the assets of the bank can appeal to the courts.

We are not prepared to hold that the trial court erred in sustaining the plea in abatement and it follows that the judgment should be affirmed.

Affirmed.