THE LANDER STATE BANK v. NOTTINGHAM*
(No. 1396; August 30, 1927; 259 Pac. 181)

PLEADING — DEMURRER ORE TENUS — INTENDMENTS SUPPORTING PLEADING—ACTION FOR MONEY HAD AND RECEIVED—NOTE GIVEN AS EVIDENCE OF LOAN.

1.  A petition in an action against the liquidating officer of an insolvent bank, alleging that plaintiff had loaned the bank a sum of money prior to its insolvency, which it promised to repay and as evidence of said loan delivered to plaintiff the note of another, the payment of which it guaranteed in writing, and that plaintiff had duly filed its written claim and demand with defendant before suit which he had disallowed and rejected, states a cause of action in view of provisions of Chap. 157, Sec. 92 L. 1925 sufficient as against a demurrer ore tenus.

2. Every reasonable intendment should be indulged in to support the sufficiency of a petition, when challenged by a demurrer *ore tenus*.

3. In an action for money had and received, an allegation that a note and guaranty were given plaintiff as evidence of the indebtedness must be accepted as true for purposes of a demurrer *ore tenus*, and sufficient to warrant a recovery on the original consideration.

4. An action for the recovery of an original loan of money is permissable, either where a note is taken as evidence of the loan, or where a note or other instrument taken at the time is void, but plaintiff should deliver up such note or other instrument before judgment.

5. In action against bank examiner in charge of liquidation of debtor bank, it was sufficient for plaintiff to declare on the contract as executed by the bank without disclosing that an agent acted for the bank.

*See Headnotes: (1) 7 C. J. p. 755 n. 31; (2) 31 Cyc. p. 80 n. 5; p. 309 n. 33; (3) 7 C. J. p. 755 n. 24; (4-5) 2 C. J. p. 904 n. 76; 7 C. J. p. 593 n. 66; 8 C. J. p. 807 n. 18, 19, 20; 41 C. J. p. 3 n. 41, 42, 43, 44, 45; 31 Cyc. p. 333 n. 76; 41 C. J. p. 3 n. 43; 30 Cyc. p. 1222 n. 8, 9.

ERROR to District Court, Fremont County; BRYANT S. CROMER, Judge.

Action by The Lander State Bank against George Nottingham as liquidator of Shoshoni State Bank. From a judgment for defendant, plaintiff brings error.

*Durham & Bacheller*, for plaintiff in error.

The action is brought under Chapter 157, Sec. 92 L. 1925; the petition alleges a loan of money by plaintiff to Shoshoni State Bank prior to its insolvency and the taking of the note of another which defendant guaranteed in writing to pay. A bank has authority to borrow money, 7 C. J. 592; Anten v. U. S. Bank, 174 U. S. 125, 43 L. Ed. 920. A bank is responsible for a loan secured for it by one of its officers, even though the note evidencing such loan is in the name of an individual instead of in the name

of the bank; Aldrich, Rec. v. Bank 176 U. S. 618; 7 C. J. 559; Hanson v. Bank, 167 Pac. 97; First Nat'l. Bank v. Bank, 229 Pac. 258; Leonard v. Bank, 236 Fed. 316; Flower v. Trust Co., 223 Fed. 318; Allis-Chalmers Co. v. Bank, 3 Fed. (2nd) 316; Hanover Bank v. Bank, 109 Fed. 421. Every reasonable intendment should support a petition challenged by a demurrer *ore tenus:* Van Buskirk v. Co., 24 Wyo. 183; Grover Irr. Co. v. Ditch Co., 21 Wyo. 204; Fast v. Whitney, 26 Wyo. 443; Reynolds v. Morton, 23 Wyo. 528. The fact that a loan to a bank is made on a note signed by an individual is immaterial, 7 C. J. 592; the form of the note is immaterial so long as the borrowing bank obtained the benefits, and the petition alleges that the money was paid to and received by defendant bank: authorities supra. The petition is sufficient as against a demurrer *ore tenus:* Reynolds v. Morton, supra.

*M. C. Burk,* amicus curiae.

The allegations of the petition disclose that plaintiff was relying upon the note of H. J. Shad and the guarantee of the Shoshoni State Bank to pay it. At the trial defendant objected to the admission of evidence, on the ground that the petition was insufficient; the action is brought under a special statute, and there is no allegation that the claim was presented or proven. The exhibits show a contract between plaintiff and Shad. The note is not a legal contract. It is not alleged that Shad had authority to bind the bank. The petition is insufficient as against the liquidator; 5676 Comp. Stats. There was no legal proof of claim alleged, Chap. 157, Sec. 92 L. 1925. The note was payable to the maker and not endorsed by him, and is therefore void, 4117 C. S., 8 C. J. 872, Edelman v. Rams, 109 N. Y. S. 816, Simon v. Mintz, 101 N. Y. S. 86; Market v. Ettinsen, 158 S. W. 448. The note being void the guarantee is without effect, 28 C. J. 909, 12 R. C. L. 1072, 5676 Comp. Stats., 3951 Comp. Stats., 5148 Comp. Stats., Chap. 143 L. 1921. The maker is not liable

until he endorses; facts fixing liability of defendant are not alleged. Where the allegations of the pleading differ from an exhibit attached, the terms of the exhibit govern, Sanitation Co. v. Casper (Wyo.) 206 Pac. 149; Gause v. Gas Co., 212 Pac. 922; Burks v. Bank, 213 Pac. 301; Burdick v. Fuller, 191 N. Y. S. 442; Nixon v. Gannon, 229 S. W. 75; Sladovich v. Glaser, 91 So. 297, 2 C. J. 905. The pleading in the Aldrich case alleged facts sufficient to bind the bank, which is not the case here.

BLUME, Chief Justice.

This action was commenced on January 12, 1926, and was brought by the Lander State Bank, as plaintiff, against the Deputy State Examiner in charge of the Shoshoni State Bank, an insolvent banking corporation. An answer was filed to the petition and a reply to this answer, and the cause came on to be heard before the court without a jury on May 7, 1926. At the beginning of the trial, the defendant objected to the introduction of any evidence upon the ground that the petition of the plaintiff failed to state facts sufficient to constitute a cause of action against the defendant, and that the pleadings failed to disclose any contract or any fact so as to authorize a judgment against the defendant. The court sustained this motion, and the plaintiff desiring to stand upon the petition, judgment was entered dismissing the action. From that judgment the plaintiff has appealed. The parties will be named herein in the same manner as in the court below.

The petition in the case, after alleging the corporate capacity of the plaintiff and that the Shoshoni State Bank is a banking corporation under the laws of the state of Wyoming and in charge of a special deputy state examiner for the purpose of liquidating the bank, states further:

"3.   That on or about the 5th day of December, 1924, upon the request of the said Shoshoni State Bank of Shoshoni, the plaintiff above named loaned to the said Shoshoni State Bank the full sum of Three Thousand ($3,000.00) Dollars, which said sum and all thereof said Shoshoni State Bank of Shoshoni promised to repay to plaintiff within ninety days from said fifth day of December, 1924, together with interest at the rate of eight per cent per annum.

"4.   That at said time and place and as evidence of the loan by said plaintiff to said Shoshoni State Bank of Shoshoni of said sum of Three Thousand Dollars, the said Shoshoni State Bank of Shoshoni delivered to this plaintiff a certain promissory note, a copy thereof being hereto attached, marked Exhibit 'A' and expressly made a part hereof and also at said time and place executed and delivered to this plaintiff the written guarantee of said Shoshoni State Bank of Shoshoni, a copy thereof being hereto attached, marked Exhibit 'B' and expressly made a part hereof.

"5.   That said sum of Three Thousand ($3,000.00) Dollars was loaned by the said plaintiff to the said Shoshoni State Bank of Shoshoni and was received by said Shoshoni State Bank of Shoshoni.

"6.   That no part thereof or the interest thereon has been paid and the whole thereof, together with the interest thereon is due, owing and unpaid.

"7.   That in pursuance of proper notice given and the statutes in such case made and provided the plaintiff has filed its written claim and demand with the above named George Nottingham as Special Deputy State Examiner in charge of the liquidating of said Shoshoni State Bank of Shoshoni, but the said Special Deputy Examiner on or about the 9th day of January, 1926, disallowed and rejected said claim.

"WHEREFORE, plaintiff prays judgment that the claim of the said plaintiff be determined by this Court; that after said claim has been determined the said defendant as Special Deputy Examiner as aforesaid be required to allow said claim as a just and correct claim against the Shoshoni State Bank of Shoshoni and that said Deputy Examiner as aforesaid be required to pay said

claim as other claims are paid; that said plaintiff have its costs herein and such other relief as to the Court may seem proper.''

Exhibit ''A'' attached to the petition is as follows:

''$3000.00                    Lander, Wyoming, Dec. 5, 1924.

Ninety days after date, for value received, we jointly and severally promise to pay to the order of H. J. Shad Three Thousand and no/100 Dollars

At the Office of SHOSHONI STATE BANK OF SHO-SHONI, Wyoming,

and interest thereon at the rate of 8 per cent. per annum from date until paid and ............per cent in addition, to cover attorney's fees, if payment is enforced by law, the same to be included in any judgment obtained on this note.  The drawers and endorsers severally waive presentment for payment, protest and notice of protest, and non-payment of this note and all defenses on the ground of any extension of time of payment that may be given by the holder or holders to them or either of them.

H. J. Shad.''

Exhibit ''B'' attached to the petition is as follows:

''SHOSHONI STATE BANK
SHOSHONI, WYOMING

Lander State Bank,                          Dec. 5, 1924.
Lander, Wyoming
Gentlemen:

We hereby guarantee payment at maturity of one promissory note, date Dec. 5, 1924, amount $3000, interest 8% per annum, maturing ninety days from date, signed by H. J. Shad, payable to the order of said Shad, endorsed by him, and you are hereby authorized to charge our account with said note at or after maturity.

Yours truly,

(Seal, SHOSHONI           SHOSHONI STATE BANK
STATE BANK)                    By H. J. Shad, Cashier.''

1.   Counsel for defendant maintains that it was not sufficient to allege that a claim was filed with, and that

a demand was made on, the defendant; that it was necessary to plead that proof of the claim was offered before the examiner and to attach a copy of the claim filed with him, and that in the absence thereof the petition wholly fails to state a cause of action. Counsel do not cite any authorities and we have, unfortunately, not had the benefit of any argument or investigation on this point on the part of the counsel for the plaintiff. Counsel for defendant relies upon the provisions of section 92 of chapter 157, Session Laws of 1925—the so-called banking act —which provides as follows:

"The State Examiner shall cause notice to be given by advertisement in such newspaper as he may direct weekly for three consecutive months, calling on all persons who may have claims against such bank to present the same to the State Examiner and to make legal proof thereof at a place and within a time not earlier than the last day of publication to be therein specified. The State Examiner shall mail a similar notice to all persons whose names appear as creditors upon the books of the bank. If the State Examiner doubt the justice and validity of any claim, he, may reject the same and serve notice of such rejection upon the claimants, either by mail or personally, and an affidavit of the service of such notice, which shall be prima facie evidence thereof, shall be filed in his office. An action upon a claim so rejected must be brought within six months after such service. Claims presented and allowed after the expiration of the time fixed in the notice to creditors shall be entitled to be paid the amount of all prior dividends therein if there be funds sufficient therefor and share in the distribution of the remaining assets in the hands of the State Examiner equitably applicable thereto."

The section above quoted seems to be an almost verbatim copy of section 13 of chapter 256, of the Session Laws of South Dakota of 1911, and the Supreme Court of that state, in the case of McKeon v. Mead County Bank,

37 S. D. 100, 156 N. W. 795, said in reference to that section as follows:

"Defendants also contend that plaintiff failed, before bringing suit, to make a proper demand under section 13, chapter 256, Laws 1911. We find nothing in such section requiring any demand before suit. A claim was served practically simultaneously to the bringing of this action. We are inclined to think that the bringing of this action should be treated as the presenting of a claim."

According to this holding, it would, apparently, not even be essential to file a claim or make a demand upon the State Examiner before bringing suit, and if that is correct, the objection of counsel for the defendant must necessarily be without merit. We may say, however, that other courts have held that the presentation of a claim to the commissioner or examiner of banks, pursuant to similar statutory provisions, is essential before suit may be brought. City of Harrisburg v. Austin, (Tex. Civ. App.) 279 S. W. 498; Lawrence v. Trust Co., 125 Me. 150, 131 Atl. 863; 7 C. J. 755. Without passing upon this identical point, it will be noted that section 92, supra, does not specifically provide in what manner claims against the bank must be presented to the State Examiner, or in what manner proof of the claim must be made. The section provides that in case of doubt the examiner may reject a claim. In other words, the act seems to manifest the purpose that in all cases where the justness of the claim is not clear, the examiner need not exercise any judicial function in deciding for or against the claim, and it would, accordingly, often be a useless undertaking on the part of a claimant to enter into any particularity in presenting or proving his claim. In view of this fact, it would seem to be unwarranted to read into the law an intention that lack of a sufficient statement, or proof, of a claim before the State Examiner should be fatal to, or have any effect on an action brought after its rejection

by the State Examiner. And if that is correct, it would obviously subserve no particular purpose to require the plaintiff in such suit to plead more than that he had presented his claim to the examiner and that it was rejected, or to make it necessary for him to set forth in what form or manner he presented his claim and made proof thereof. That is true, at least in the absence of a motion to make the petition more specific. We need not determine what would be the effect of a presentation of a claim that would be a sham and not real. The act does not indicate that its presentation is the basis or one of the bases of the suit in the same sense as a written instrument upon which a suit is based, and a copy of which must, according to the provisions of section 5675, W. C. S. 1920, be attached to or made a part of a petition. We think, accordingly, that the objection made by counsel for the defendant cannot be sustained.

2. Counsel for defendant further claim that the petition fails to state a cause of action on the ground that the exhibits attached to the petition, which are a part thereof, and which control the general allegations therein, show that plaintiff has no cause of action. He claims that Exhibit "A" shows that it is a note payable to the maker thereof, that it is not endorsed by him and is, therefore, a nullity; that further, Exhibit "B" cannot be any more binding than Exhibit "A" which it proposes to guarantee. These claims are based upon the theory that the suit must be construed as a suit upon the note and the guarantee attached thereto. Without deciding whether or not counsel's contention would be correct in case the action herein were construed in that manner, we think it clear that his construction of the meaning of the petition is erroneous. Every reasonable intendment should be indulged in to support the sufficiency of a petition when challenged by demurrer ore tenus. Fast v. Whitney, 26 Wyo. 433, 440. Without reference, however, to that rule,

we think that the petition clearly states a cause of action. It is alleged that on December 5, 1924, upon the request of the Shoshoni State Bank, plaintiff loaned said Shoshoni State Bank the sum of $3,000, which the latter promised to repay within ninety days with interest, and that said sum, so loaned, was received by the Shoshoni State Bank. In paragraphs 5 to 7, it is further pleaded that the loan made to the Shoshoni State Bank, as aforesaid, has not been paid and that a claim therefor has been presented to the examiner in charge of the bank, but was rejected. Now it is not disputed that a bank has authority to borrow money as a necessary incident to do business. 7 C. J. 595. Further, it was sufficient for the plaintiff to declare on the contract as executed and entered into by the principal, the Shoshoni State Bank, without disclosing the fact that an agent acted for the bank. 2 C. J. 904. Hence, the allegations above mentioned were sufficient for a statement of a cause of action for money had and received, clearly disclose a liability of the defendant, and manifest the purpose to seek recovery on the original indebtedness without reference to the note and guaranty mentioned in paragraph four of the petition. That paragraph alleges that a note and guaranty were taken as evidence of the loan above mentioned. That allegation must be accepted as true, for the purposes of the demurrer. And if, as alleged, this note and guaranty were accepted merely as evidence of the indebtedness, then clearly suit could be brought on the original consideration. In 41 C. J. 3, it is said:

"Where a promissory negotiable note or other negotiable instrument is taken by the lender for the loan, but is not taken as payment therefor but merely as evidence thereof and to fix the time of payment thereof, the creditor, after default upon the note or other instrument, may bring action for money lent on the original loan, and bring the note to the court to be delivered up on trial. And even if the note was accepted in payment of the original

obligation, if it is void or unenforceable because unauthorized or because not executed in pursuance of statutory requirements   *   *   *   an action for money lent will lie on the original obligation.''

And in 8 C. J. 807, it is said:

''Where privity of· contract exists, the holder of a note may waive his right to proceed thereon and declare for the original consideration. If a bill or a note is given to a creditor by a debtor and his note is not accepted or is not paid at maturity and there is no express agreement that it should be received as payment, the creditor's right of action on the original consideration revives, and this is true where the instrument is void.'' See also 21 R. C. L. 59.

Among the numerous cases on the subject see Jacobs v. Monahan, 76 Colo. 70, 230 Pac. 596; Merchants National Bank v. Bentel, 166 Cal. 473; 137 Pac. 25. The case at bar comes within the principle of these authorities. The petition herein may, as heretofore stated, readily be construed as asking for the recovery of the original loan, and that is permissible either if a note or other instrument is simply taken as evidence of the loan—and the petition alleges that to be true in this case—or if such note or other instrument is void. In other words, a suit upon the original consideration lies herein either upon plaintiff's theory or upon the theory of counsel for defendant, who insists that the note and guaranty in question in this case are void. Of course, to recover upon the original indebtedness, plaintiff should deliver up the note and guaranty received, at least before judgment is entered in the case, so as to avoid any possible danger of some third party bringing an action thereon. 41 C. J. 3; 30 Cyc. 1222; 21 R. C. L. 59. So far as we have been able to find, however, the cases on this subject do not appear to require the petition in the case to contain any allegation as to the surrender of such evidence of indebtedness.

The judgment of the trial court must, accordingly, be reversed, and the cause remanded with direction to vacate the judgment entered herein and for further proceedings not inconsistent with this opinion. It is so ordered.

*Reversed and Remanded.*

POTTER, J., and KIMBALL, J., concur.