BRAND, Commissioner, et al. v. CONNER & McRAE.

No. 1292.

Court of Civil Appeals of Texas. Eastland Dec. 7, 1934.

Rehearing Denied Jan. 12, 1935.

Ocie Speer, of Austin, for appellants.

Conner & Conner, of Eastland, for appellee.

FLEWELLEN, Special Associate Justice.

We adopt, as substantially correct, appellants' statement of the nature and result of the case, which, with slight changes, is as follows:

"This case originated in the District Court of Eastland County and was instituted by

Earl Conner and John D. McRae, composing the law firm of Conner & McRae. It was against James Shaw, Banking Commissioner of Texas, (E. C. Brand, successor), and Texas State Bank. The plaintiffs, after certain formal allegations as to the capacity of the defendant, Shaw, the incorporation, insolvency and liquidation of defendant, Texas State Bank, and other allegations, alleged that they had made certain deposits in Texas State Bank, while it was a going concern, and sought to recover the balance thereof in the sum of $1778.54 as a trust fund. The alleged trust was predicated upon two theories: First, the nature of the deposit, and second, the known insolvency of the bank at the time the deposits were made.

"The defendants answered by general demurrer, general denial, and specially plead the statute of limitations of six months, with respect to the institution of suits to establish rejected claims by the Banking Commissioner, liquidating an insolvent bank. The case was tried before the court without a jury, and he rendered judgment for the plaintiffs against the defendants, jointly and severally, for the sum sued for, decreeing preference and first lien on any and all funds of the Texas State Bank in the hands of the Banking Commissioner, and directed that execution might issue for the enforcement of the judgment."

Further details, when necessary, will be developed in this opinion.

The first assignment of error, submitted as a proposition of law, complains of the court's action in overruling defendants' general demurrer to the first amended original petition, for the reason that same did not allege a presentation of plaintiffs' claim to the banking commissioner for allowance and approval before the filing of this suit.

The second assignment of error, also submitted as a proposition of law, is in effect that the court erred in rendering any judgment whatever, because there was no evidence of such presentation of claim for allowance and approval before the filing of this suit.

In support of these assignments, the appellants rely upon article 459 of our Revised Statutes of 1925, and also upon the testimony of Earl Conner, Sr., a member of plaintiffs' firm, to the effect that plaintiffs never did file a claim with the banking commissioner subsequent to the closing of the Texas State Bank, for the funds sued for herein; that prior to the suit the banking commissioner had not refused to pay the claim; that suit was filed without requesting said commissioner to pay same as a preferred claim; that plaintiffs "possibly assumed that it wouldn't be paid as a preferred claim"; and that such assumption was indulged in by plaintiffs prior to the filing of this suit.

The record shows that no action was taken by the court on the general demurrer. The amended petition makes no reference to the presentation of a claim to the commissioner for allowance or rejection. Neither does it appear from the pleadings or proof that the commissioner ever complied with articles 456 and 459, R. S., in any respect.

Article 459, R. S., reads as follows: "The Commissioner may in his discretion reject any doubtful claim presented for allowance. He shall serve notice of such rejection upon the claimant, either by mail or by written notice personally served. An affidavit of the service of such notice shall be filed with the Commissioner. Action upon a claim so rejected must be brought within six months after service."

In City of Harrisburg v. Austin (Tex. Civ. App.) 279 S. W. 498, in which writ of error was refused, it is held that under article 459, R. S., the presenting of a claim against an insolvent bank to the banking commissioner, in charge of its affairs, for approval or rejection, is a condition precedent to the filing of a suit thereon; that both questions of law and fact must be decided by the commissioner, in his official capacity, in passing upon the validity of claims; and, further, that "it must be assumed" that he will decide on the validity of such claims in "accordance with the law and the facts before him." This case is cited with apparent approval by the Supreme Court of Wyoming in Lander State Bank v. Nottingham, Special Deputy State Bank Examiner, 37 Wyo. 50, 259 P. 181.

In Kidder v. Hall, Commissioner, etc., 113 Tex. 49, 251 S. W. 497, 499, Chief Justice Cureton, speaking for the court, uses this significant language: "Again, all actions brought under article 464 [now article 459] for the establishment of claims against the bank necessarily involve questions of fact, which, in the first instance, must be passed on by the Commissioner."

In Argues et al. v. Union Savings Bank of San Jose, 133 Cal. 139, 65 P. 307, it is held that the complaint, to be sufficient, must allege the disallowance of the claim, and that until the claim is disallowed there is no cause of action against the insolvent bank or the liquidating trustees in charge thereof. The

duties of such trustees are very similar to those of our Texas banking commissioner in charge of an insolvent bank. This case is cited in 7 C. J., § 564, page 755, which recites that the disallowance of a claim against an insolvent bank "is an essential part of the cause of action and must be alleged in the complaint."

In 6 Tex. Jur., § 179, page 327, it is said, in substance, that the effect of article 459 is to require presentation of claims to the commissioner before suits can be maintained thereon, and that any other construction of the statute would be contrary to the purpose thereof and out of harmony therewith, citing City of Harrisburg v. Austin, supra; and, also, that formal presentation is not necessary where the validity of a claim has been acknowledged in writing by the liquidating agent, citing Austin v. Second Nat. Bank (Tex. Civ. App.) 297 S W. 626.

In the light of the above authorities, we are of the opinion that before appellees can maintain this suit they must allege and prove that their claim was presented to the banking commissioner and rejected by him, or else they must allege and prove facts which in law will excuse them from so doing. This they have not done. To told otherwise would open the flood gates of litigation and subject the assets of an insolvent bank in the hands of the banking commissioner to needless expense and delay in closing up its affairs. It would be within the realm of possibility for all of its assets to be consumed in paying court costs and attorneys' fees instead of its bona fide creditors. Such a possibility is contrary to the very spirit and purpose of the statute.

Appellees rely upon the case of State Banking Board v. Pilcher (Tex. Com. App.) 270 S. W. 1004, which holds that article 463 (now 456) and article 464 (now 459) are statutes of limitation and must be pleaded to constitute defenses. This is true in so far as said articles fix the time for filing claims and bringing suits on rejected claims, but an entirely different question is involved in the case before us. A reading of the Pilcher Case, first reported in (Tex. Civ. App.) 256 S. W. 996, reveals that the appellee, Pilcher, alleged in his petition that he filed his verified claim with the commissioner of insurance and banking and the state banking board, and that said claim was rejected, although said petition did not disclose that the claim was presented within 90 days from the publication of the first notice, as required by article 463 (now 456), or that the suit was filed within 6 months after the claim was rejected by proper notice, as required by article 464 (now 459).

A careful reading of the other cases cited by appellees in support of said articles, being statutes of limitation, convinces us that they have no application to the question under consideration. Neither do the cases cited in support of their contention that presentation and rejection of claims are unnecessary before filing suits thereon.

Appellees, in their brief, also rely on the fact that it does not appear from either pleadings or proof that the commissioner ever complied with article 456, R. S., in advertising for the presentation of claims. It makes no difference in this case, as far as the question under consideration is concerned, if the commissioner did not advertise for the presentation of claims. Nevertheless, under article 459, R. S., all claims must be presented to and rejected by the banking commissioner before causes of action arise thereon.

There are various other assignments of error, all submitted as propositions of law. However, our disposition of this case will make discussion of said assignments unnecessary.

After carefully considering the entire record and the rights of all parties hereto, we feel that we are not warranted in rendering judgment herein. For this and the other reasons stated, the case is reversed and remanded.