## BRAND, Bank'fg Com'r, v. LINDALE CANNING CO.

### No. 4709.

Court of Civil Appeals of Texas. Texarkana. June 28, 1935.

Rehearing Denied July 4, 1935.

Ocie Speer and Jay H. Brown, both of Austin, for appellant.

Ramey, Calhoun & Marsh, of Tyler, and H. Grady Chandler, of Austin, for appellee.

JOHNSON, Chief Justice.

Appellee, Lindale Canning Company, a corporation, instituted this suit in the district court of Smith county, against appellant, E. C. Brand, Banking Commissioner, as statutory receiver of the Farmers & Merchants State Bank (in liquidation), of Lindale, Smith County, seeking to recover $515.67, payable out of the funds of the insolvent bank in the hands of the commissioner, and alleged to be the amount of a 34 per cent. declared dividend due appellee as a depositor of said bank, upon appellee's claim of $1,516.72.

The defendant answered by general demurrer, and various special exceptions which were either met or waived and are not necessary to further mention, general and special denials of the facts alleged by plaintiff.

Trial before the court without a jury resulted in judgment in favor of the plaintiff against the defendant for $515.67, and costs of suit, from which defendant prosecutes this appeal.

Appellant presents as fundamental error the action of the trial court in entertaining jurisdiction of this cause and in rendering any judgment whatever oth-

er than one of dismissal, for the reason, it is contended by appellant, that the Supreme Court of Texas alone has jurisdiction, by virtue of the provisions of R. S. art. 1735, reading: "The Supreme Court only shall have power, authority or jurisdiction to issue the writ of mandamus or injunction or any other mandatory or compulsory writ or process against any of the officers of the executive departments of the government of this state to order or compel the performance of any act or duty which, by the laws of this State, they, or either of them, are authorized to perform, whether such act or duty be judicial, ministerial or discretionary." Appellee's suit is not one in mandamus, but is an action to establish his claim insofar as its payment had been refused by the commissioner; the commissioner having allowed the claim in so far as authorizing it to participate in future dividends to be declared from the assets of the insolvent bank, but rejected it to the extent of denying its right to participate in the 34 per cent. dividend already declared, such rejection being on the ground that the claim had not been presented within ninety days from the date of the publication of notice as provided in R. S. art. 456, amended by Acts 1926, 1st Called Sess., c. 2, § 1 (Vernon's Ann. Civ. St. art. 456).

It is the contention of appellant that the Banking Commissioner is an officer of the Executive Department of the government of the state as mentioned in the above-quoted statute, and that this suit is one to compel the performance of an act coming within the provisions of said statute, and that appellee's only remedy is by proceedings in mandamus before the Supreme Court. Appellant's contention cannot be sustained for two reasons: First, the provisions of the Banking Act confers jurisdiction upon the district court of the county of the domicile of the insolvent bank to hear and determine actions arising in the distribution of the assets of the bank. In Kidder v. Hall, 113 Tex. 49, 251 S. W. 497, 498, it is said: "From a consideration of all the articles named, it is quite apparent that every feature of the distribution of the estate of an insolvent bank is within the jurisdiction of the district court (or judge thereof) of the county in which the bank was located when it transacted business." Second, the Banking Commissioner is not named as an officer of the Executive Department of the state. Article 4, § 1, of the Constitution declares: "The Executive Department of the State shall consist of a Governor, who shall be the Chief Executive Officer of the State, a Lieutenant Governor, Secretary of State, Comptroller of Public Accounts, Treasurer, Commissioner of the General Land Office, and Attorney General." See Brand, Banking Commissioner, v. San Patricio County (Tex. Civ. App.) 80 S. W.(2d) 460; and authorities there cited.

It appears that the Farmers & Merchants State Bank of Lindale was placed in the hands of the Banking Commissioner, as statutory receiver, for liquidation on September 10, 1930; that the commissioner promptly published and mailed the notices to creditors as required by R. S. art. 456; that appellee did not know the exact amount of its deposit with the bank at the time; that appellee, through its president, called up the agent of the Banking Commissioner in charge of the affairs of the insolvent bank and made oral presentation of its claim within ninety days from the date of publication of creditors' notice, and requested a statement of the condition of its account, and was promised such statement. It appears that appellee owed the bank a note of $1,500 which was to be applied as an offset against its deposit. It further appears that without the knowledge of appellee a certain draft in the amount of $2,000 was wrongfully and without authority charged to appellee's account; that appellee continued to make requests for a statement of its account as it appeared from the books of the bank in possession of the commissioner, and after considerable correspondence between appellant and appellee the account appears to have been finally adjusted about July 18, 1933, by crediting appellee's account with the amount of the $2,000 draft, which had been without authority charged against the account, and by deducting from the account the amount of appellee's note in the sum of $1,500 and interest thereon, leaving a balance due appellee of $1,516.72. Whereupon appellee presented to the commissioner its formal written claim on August 14, 1933, for that amount. On October 18, 1933, the claim was approved by the commissioner to the extent of authorizing it to participate in future dividends, but rejected the claim in so far as to allow it to participate in the dividends already declared, for the reason that written claim had not been filed within ninety

days from the date of the statutory notice to creditors as provided in article 456, R. S.

It is the contention of appellant that the appellee is not entitled to recover in this action because it failed to make written presentation of its claim within ninety days from the publication of the creditors' notice as provided by article 456.

■ The trial court found that the appellee made oral presentation of its claim to the appellant within the ninety days provided by the statute. Appellant does not by assignment of error or otherwise attack this finding of the trial court. The statute does not provide that the claim shall be presented in writing. It is held that an oral presentation of the claim is sufficient. Austin, Banking Commissioner, v. Second National Bank (Tex. Civ. App.) 297 S. W. 626.

■ The trial court further found that the plaintiff had pleaded and proved justification for not having presented a written claim within the ninety days; that such delay was caused by appellant and not from any want of diligence on the part of appellee. Appellant does not attack this finding of the court, but, on the other hand, in his brief says: "In all candor we say that the court below was justified in finding that plaintiff's failure to file a claim against the bank prior to the time it did make formal proof thereof was due to the actions of the Banking Commissioner's agents." Article 456, with respect to the time limit of ninety days within which to present claims to the commissioner after the specified notice to creditors, is held to be a statute of limitation. The defense of limitation may ordinarily be waived by the party entitled to plead it. 28 C. J. § 146, p. 245. And he may by his conduct be estopped from asserting it as a bar. Ibid, § 149, p. 246. In the circumstances as here presented, it is thought that the appellant waived the limitation provided by the statute, and is estopped from asserting it as a bar. That plaintiff may allege and prove facts which will in law excuse plaintiff's failure to have presented the claim within the ninety days is recognized in Brand v. Conner & McRae (Tex. Civ. App.) 78 S.W.(2d) 712.

■ Appellant's sole ground for rejecting payment of the claim in the particulars sought to be established is because it was not presented in writing within the ninety days from publication of the notice as provided by article 456. However, appellee did not plead the statute in this case. The statute is held to be a statute of limitation in the particular here under consideration and must be specially pleaded to be effective as a defense. State Banking Board v. Pilcher (Tex. Com. App.) 270 S. W. 1004.

■ Appellant assigns as error the action of the trial court in refusing introduction in evidence testimony that plaintiff had filed a suit against the Republic National Bank & Trust Company of Dallas to recover on account of the present claim. The materiality of such testimony is not shown. The assignment of error is overruled.

The judgment of the trial court is affirmed.