Jones & Jones, of Marshall, and J. Edwin Smith, of Robstown, for appellant.

Thompson, Knight, Baker, Harris & Wright, Pinkney Grissom, and James E. Henderson, all of Dallas, for appellee.

Jones & Jones and C. A. Brian, all of Marshall, for the motion.

Thompson, Knight, Harris, Wright & Weisberg, of Dallas, opposing.

ALEXANDER, Chief Justice.

J. M. Alexander filed an original proceeding in the Court of Civil Appeals at Texarkana for a writ of mandamus to compel the District Judge to proceed to trial in a certain case then pending in the District Court, in which the relator was a party plaintiff. The Court of Civil Appeals has certified to this Court certain questions of law involved therein. It appears to be well settled that the Supreme Court can exercise appellate jurisdiction only in those cases in which the Court of Civil Appeals has jurisdiction by appeal, and that it cannot exercise appellate jurisdiction in actions that originate in the Court of Civil Appeals. Schintz v. Morris, 89 Tex. 648, 35 S.W. 1041; City of Houston v. City of Palestine, 114 Tex. 306, 267 S.W. 663. It is also well settled that in answering certified questions the Supreme Court exercises appellate jurisdiction. Long v. Martin, 115 Tex. 519, 285 S.W. 1075. Consequently, since this proceeding originated in the Court of Civil Appeals, this Court is without jurisdiction to answer the questions certified. 3 Tex.Jur. 322; Quinn v. Halbrook, 115 Tex. 513, 285 S.W. 1079.

For the reasons above stated the certificate is dismissed.

The same relator has also filed in this Court a motion for leave to file an original application for writ of mandamus to compel the District Judge to proceed to trial in the same cause. Since the Court of Civil Appeals first acquired and is now exercising jurisdiction over the subject matter, this Court will not take jurisdiction therein. 11 Tex.Jur. 775; Millikin v. Jeffrey, 117 Tex. 134, 299 S.W. 393. Consequently, the motion for leave to file the petition for mandamus is overruled.

**GOSSETT, Banking Commissioner, v. GREEN.**

No. 1857—7604.

Commission of Appeals of Texas, Section B.

June 18, 1941.

734

Joe T. Goodwin, of Austin, and Ira Butler, of Fort Worth, for appellant.

Slay & Simon, of Fort Worth, for appellee.

SMEDLEY, Commissioner.

This cause is before the court on certified questions from the Court of Civil Appeals of the Second Supreme Judicial District. The facts disclosed by the certificate and the transcript are as follows:

The Banking Commissioner of Texas, on April 12, 1937, took possession of all the property and assets of First State Bank of Arlington, Texas, which was then insolvent. The account of Forrest Green, appellee herein, who was a depositor of the bank, showed that he had been given credit on April 5, 1937, for a deposit of $2,500, and there was found among the assets of the bank a note for $2,500, dated April 5, 1937, payable to the bank on demand, and bearing the purported signature of Forrest Green. Between April 5, 1937, and the time when the bank was closed by the Banking Commissioner, other deposits were made to Green's credit and checks were drawn by him and honored by the bank, resulting in a balance shown on the books of the bank to Green's credit as of the date on which the bank was closed in the amount of $1,192.96.

The Banking Commissioner, on September 25, 1937, brought this suit against Green on the promissory note in the sum of $2,500, above described, alleging the execution of the note by Green and further that on or about September 10, 1937, Green being entitled to a credit in the sum of $1,192.96 (which was the amount of Green's balance as shown by the bank's records), the said sum was duly credited on the note, leaving the principal sum of $1,307.04 due and unpaid, for which, with interest and attorney's fees, the suit is brought.

Citation, promptly issued, was served on Green on September 29, 1937, the citation containing a statement of the substance of the petition, including the allegation as to the credit of $1,192.96. Green's answer,

filed October 23, 1937, contained a general demurrer, general denial and a special plea under oath denying execution of the note.

On December 28, 1938, fifteen months after the institution of the suit, Green filed a cross-action against the Banking Commissioner for the recovery of $1,192.96, alleging that when the bank closed he had that sum on deposit, which was an indebtedness of the bank to him payable on demand, that the Banking Commissioner had taken possession of the bank and its assets, was in charge of the liquidation of the bank, and in his capacity as receiver or liquidator was indebted to him in the sum of $1,192.96, and that he had made demand upon the Commissioner for payment but, despite the demand, payment had not been made.

The Banking Commissioner answered the cross-action by plea in abatement, alleging that the cross-action could not be maintained until it was alleged that Green had made presentation of his claim to the Banking Commissioner and the claim had been rejected, and by general demurrer and general denial.

An amended petition filed January 19, 1939, by the Banking Commissioner contained the same allegations as those set out in the original petition, together with the additional allegations in the alternative that, if Green did not execute the note, he nevertheless received from the bank the sum of $2,500, that he was entitled to credit in the sum of $1,192.96, which was given, and that the bank was entitled to recover the remaining balance of $1,307.04. By trial amendment filed January 20, 1939, the Banking Commissioner further pleaded that Green's cross-action was barred because the claim was not presented within ninety days after the date of the first publication of notice under the provisions of Article 456, Revised Civil Statutes of 1925, Vernon's Ann.Civ.St. art. 456, and because no action was brought on the claim, as required by Article 459, Vernon's Ann.Civ.St. art. 459, within six months after the statutory rejection of the claim, if there was a statutory rejection of it.

The trial court overruled the Banking Commissioner's plea in abatement and general demurrer to the cross-action, and after hearing the evidence rendered judgment that the Banking Commissioner take nothing by his suit and that Green have judgment against the Commissioner, on his cross-action, for $1,192.96.

The trial court found that the note sued on was not executed by Green and that no credit or cash was realized by him as a result of the making of the note; that, the $2,500 shown to have been deposited by Green to his account on April 5, 1937, was in fact deposited by him in cash on that date; that the balance in Green's account on the day the bank failed was $1,192.96, which the liquidating agent of the bank recognized and acknowledged; that the liquidating agent in writing gave Green formal notice that the books of the bank showed that sum to his credit and requested him to verify the correctness of the balance, which he did in writing on April 21, 1937; that thereafter Green twice made oral demand upon the agents of the bank for the payment of the said sum to him; that the Banking Commissioner has never rejected the claim of Green for the amount of his balance, $1,192.96, but has expressly recognized the correctness of the claim, refusing to pay the same by reason of the asserted claim that Green was indebted to the bank in the sum of $2,500, the amount of the note. The trial court concluded that "it was not necessary as a matter of law for Forrest Green to bring his action within six months" and that his cross-action for the amount he had on deposit was not barred by Article 459, and further that, the note having been found to be a forgery, Green was entitled to recover the sum of $1,192.96.

The second of the three questions certified will be considered first. It is whether Green's cross-action is sufficient against general demurrer. The Banking Commissioner contends that his general demurrer to the cross-action should have been sustained because the cross-action contains no allegations that the claim was presented to and rejected by the Banking Commissioner and no allegations of facts which would excuse presentation of the claim to him.

Article 456 of the Revised Civil Statutes of 1925 makes it the duty of the Commissioner to cause weekly notice to be given in a newspaper for three consecutive months, calling on all persons who may have claims against the bank to present the same to the Commissioner and make legal proof thereof at a designated place within ninety days after date of the first insertion of such notice, and also to mail a similar notice to all persons who appear as creditors upon the books of the bank. It is provided, how-

ever, that the Commissioner shall have discretion to approve a claim filed after the expiration of the specified time if the claim is filed before the declaring of the first dividend to creditors, and further that he may approve a claim filed after the time specified if the claimant shows to the Commissioner's satisfaction that he did not receive the notice or a reasonable excuse for not having filed his claim within the prescribed time. Article 459 is as follows: "The Commissioner may in his discretion reject any doubtful claim presented for allowance. He shall serve notice of such rejection upon the claimant, either by mail or by written notice personally served. An affidavit of the service of such notice shall be filed with the Commissioner. Action upon a claim so rejected must be brought within six months after service."

Articles 456 and 459, in so far as they fix times within which claims must be presented and suit brought on rejected claims, are statutes of limitation and must be affirmatively pleaded by the defendant. A petition therefore, is not subject to general demurrer for failure to show affirmatively that the claim was presented within ninety days as provided by Article 456, or for failure to show affirmatively that action upon the claim was brought within six months as required by Article 459. State Banking Board v. Pilcher, Tex. Com.App., 270 S.W. 1004.

The general rule, however, is that the petition of the claimant must contain allegations showing that the claim has been presented to the Banking Commissioner for allowance or rejection by him and that such claim has been acted upon by the Commissioner before the filing of suit, and that the want of such allegations (or allegations sufficient to excuse a presentation of the claim) may be reached by general demurrer. L. G. Balfour Co. v. Gossett, 131 Tex. 348, 353, 115 S.W.2d 594; City of Harrisburg v. Austin, Tex.Civ.App. 279 S.W. 498, application for writ of error refused; Brand v. Conner & McRae, Tex. Civ.App., 78 S.W.2d 712, application for writ of error refused. As shown by the opinions in these three cases, the statutes do not expressly provide that no action can be maintained until the claim has been presented to the Banking Commissioner, but they contemplate that the claim be so first presented in order that the Commissioner may be afforded the opportunity first to pass upon the claim and that the liquidation of the bank may be conducted in an orderly manner and, as far as possible, without the expense, complications and delay incident to litigation.

Since such is the purpose of the statutory provision as to presentation of claims, it follows that a petition in a suit upon a claim is not subject to general demurrer on account of failure to allege presentation, if it contains allegations showing that the Commissioner has been afforded opportunity to pass upon the claim and has passed upon it, or if it contains allegations of fact which in law would excuse presentation of the claim to the Commissioner. L. G. Balfour Co. v. Gossett, supra; Austin v. Second National Bank of Houston, Tex. Civ.App., 297 S.W. 626; Brand v. Lindale Canning Co., Tex.Civ.App., 85 S.W.2d 323.

Green's cross-action, by which he seeks judgment for the amount of the balance in his account as shown by the books and records of the bank, the sum of $1,192.-96, contains no express allegation of a formal presentation of claim for such balance to the Banking Commissioner. It contains the allegation that Green made demand upon the Commissioner for payment of the said sum and that despite the demand no payment has been made. But the cross-action, when tested by general demurrer, may be read in the light of the allegations in the pleadings of the adverse party. Clem Lumber Co. v. Elliott Lumber Co., Tex.Com.App., 254 S.W. 935; Peoples v. Brockman, Tex.Civ.App., 153 S.W. 907, application for writ of error refused; Chapman v. Mooney, Tex.Civ.App., 257 S.W. 1106; Holt v. Wilson, Tex.Civ.App, 55 S.W.2d 580.

Looking to the pleadings of the Banking Commissioner, we find that both in his original petition and in his amended petition on which the case was tried he alleged that Green was entitled to a credit in the sum of $1,192.96 (the amount of Green's balance according to the bank's books) and that said sum had been duly credited on the $2,500 which he alleged Green owed the bank on the note or because of having received $2,500.00 of the bank's money. The Commissioner's suit is for $2,500, less the credit of $1,192.96. Thus the petitions acknowledge the correctness of Green's claim as set out in his cross-action, but seek to avoid its payment by applying it as a credit upon the $2,500 indebtedness alleged to be due the bank by

Green. From these allegations it is apparent that the Banking Commissioner, before the suit was filed, had been afforded the opportunity to consider, investigate and pass upon Green's claim and that he in fact passed upon it, giving it his approval as a correct charge against the bank and declining to pay it only because of the greater debt asserted by him against Green. The purpose of the requirement of presentation was accomplished. The allegations of the petitions may be deemed sufficient as supporting the implication of a proper presentation of the claim or as setting out facts sufficient to excuse a formal presentation.

Our conclusion that, in view of the allegations made by the Banking Commissioner, it was unnecessary for Green in his cross-action to allege expressly that the claim had been presented to the Commissioner, is supported also by L. G. Balfour Co. v. Gossett, 131 Tex. 348, 115 S.W.2d 594. In that case suit on the claim had been brought against the bank before it became insolvent. After the bank failed, the Commissioner was made a party to the suit and he appeared and made defenses, among them being a plea that the claimant could not recover against him because it had not filed the claim with him before making him a party to the suit. The court held that, since the suit was pending on the claim before the bank failed and the Commissioner took charge of it for liquidation, it was proper to make the Commissioner a party to the suit without the formality of first filing the claim with him. In the instant case the Banking Commissioner brought all of the matters in controversy into court when he sued on the note and formally there admitted that it should be credited with the amount of Green's balance. Such action rendered unnecessary the formality of filing a claim with the Commissioner for the balance before seeking to recover it on cross-action.

We, therefore, answer the second certified question in the affirmative, that is, that the allegations of Green's cross-action are sufficient as against the general demurrer. The first question certified is whether the action of the Banking Commissioner, in filing the original petition in the suit and causing citation to be duly served on Green, constituted substantial compliance with the provisions of Article 459 that the Commissioner may reject any doubtful claim, that he shall serve notice of such rejection upon the claimant either by mail or written notice personally served and that an affidavit of the service of such notice shall be filed with the Commissioner.

This article of the statute provides that action upon a claim so rejected must be brought within six months after service of the notice of rejection. As has been said, this provision is a statute of limitation. Limitation does not begin to run until the claim has been rejected and the notice of rejection served upon the claimant. It is our opinion that the filing of the suit and the service of the citation do not, under the peculiar facts of this case, constitute compliance with the provisions of Article 459 that will start the running of the period of limitation therein prescribed against the claim asserted in the cross-action.

We think that the petition is neither in form nor in substance a rejection of Green's claim and that the citation is not a notice of rejection. The petition is a pleading by which suit was instituted for recovery on the note and the citation is process commanding Green to appear and answer, or in the event of default, to suffer the rendition of a judgment against him for the amount alleged to be due on the note. In substance the petition is not a definite, unqualified rejection of Green's claim, for it expressly admits that he is entitled to a credit in the sum of $1,192.96. From Green's standpoint that admission is an approval, not a rejection, of his claim, for, as evidenced by his plea of non est factum promptly filed, his claim for the balance on deposit in the bank was in no way connected with and could not be affected by the note. He was reasonably justified in construing the petition and the citation to mean that, but for the note, the claim would have been paid and that it would be paid in the event it should be determined in the suit that he was not liable on the note.

It is true that the filing of the suit and the contents of the petition and the citation evidence refusal by the Commissioner to pay to Green the amount of his balance as shown by the bank's records, but they also evidence the fact that his refusal is solely because of a belief that Green is liable to the bank on the note. The only issue tendered by the petition was that of liability on the note. The filing of the cross-action was merely a formality that there might be

a pleading to support a judgment in Green's favor for the admitted amount of the balance if he sustained his plea of non est factum.

In the plaintiff's amended petition, filed on the day immediately preceding that on which the plea of limitation to the cross-action was filed and on the day before the beginning of the trial, the Banking Commissioner again admitted that Green was entitled to a credit of $1,192.96 and alleged that the credit had been applied upon the $2,500 debt alleged to be owing the bank by Green. We do not believe that a pleading containing such allegations, repeated in the amended trial petition after the filing of the plea of non est factum, can reasonably or should in fairness be construed to be a definite, unconditional rejection of the defendant's claim, sufficient as a compliance with the provisions of Article 459.

Our answer to the first question certified is that the action of the Banking Commissioner in bringing the suit and causing the citation, showing such action, to be issued and duly served on Green did not constitute substantial compliance with the provisions of Article 459 as to rejection of claim and notice of rejection.

Since we have held that the citation and its service did not meet the requirements of Article 459 for notice of rejection and service of notice, and the record does not suggest any other service of notice of rejection, it is unnecessary to answer the third certified question, which is whether the provision of Article 459 for the filing of affidavit of service of notice is directory or mandatory.

Opinion adopted by the Supreme Court.