**GOSSETT, Banking Commissioner, v. GREEN.**

No. 13986

Court of Civil Appeals of Texas. Forth Worth.

July 11, 1941.

Conforming to the Supreme Court's answers to certified questions, 152 S.W.2d 733.

Ira Butler, of Fort Worth, for appellant.

Slay & Simon, of Fort Worth, for appellee.

McDONALD, Chief Justice.

A sufficient statement of the nature and result of this suit will be found in the opinion of Judge Smedley, adopted by the Supreme Court on June 18th, 1941, in Z. Gossett, Banking Commissioner v. Forrest Green, Tex.Com.App., 152 S.W.2d 733, answering questions certified by this court.

The only question raised by appellant's propositions, other than those answered in the opinion of the Supreme Court, relates to the sufficiency of the evidence to support the finding of the trial court that appellee deposited the $2,500 in question in cash.

Appellant does not here contend that the note for $2,500 was actually signed by appellee, but contends that appellee received the $2,500 from the bank as a loan. Both appellee and his wife testified, and no witness testified to the contrary, that the $2,500 so deposited was in currency which had been in the possession of the wife of appellee for some time, and which she delivered to him shortly before he deposited it in the bank. In our opinion there was sufficient evidence to support the findings of the trial court, under the rule applicable here.

"The findings of the trial court in a case tried without a jury have the same force and are entitled to the same weight as the verdict of a jury; and it is well settled that such findings will not be disturbed by an appellate court where there is some evidence to support them, even

though the evidence is conflicting and the appellate court might have reached a different conclusion therefrom. It is also well settled that findings of fact by the trial court will be upheld unless they are manifestly erroneous, and that they will be overruled only where they are without any evidence to support them, or where they are so against the great weight and preponderance of the evidence as to be manifestly wrong." (3 Tex.Jur., page 1102).

Judgment of the trial court is therefore affirmed.